IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| KYLE NIX, and SARAH NIX, on behalf of themselves and others similarly situated, § § § *Plaintiffs*, § § v. § § EAGLE ENVIRONMENTAL SOLUTIONS CORPORATION, CHAMBA SERVICES, LLC, and ROY WHITE, § § § § § *Defendants.* | CIVIL ACTION NO. 19-738<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

## **COLLECTIVE ACTION COMPLAINT**

1.  Eagle Environmental Solutions Corporation ("Eagle"), an industrial environmental cleaning company doing business in Colorado, Roy White ("White"), and Chamba Services, LLC ("Chamba") (collectively, "Defendants"), violated the Fair Labor Standards Act ("FLSA") by forcing Plaintiffs Kyle Nix and Sarah Nix[1] (collectively "Plaintiffs") and similarly situated workers to work a substantial amount of overtime without properly and timely paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.  Plaintiffs worked for Defendants as environmental cleaners and were damaged by those illegal policies or practices. In short, Plaintiffs were denied the timely overtime compensation they are due under the FLSA. Plaintiffs bring this lawsuit on behalf of themselves and all other similarly situated current or former environmental cleaners to recover unpaid wages

---

[1] Ms. Nix is formerly known as Sarah Hortenstine.

1

and overtime compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## I.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq.*

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the District of Colorado. 28 U. S. C. § 1391(b)(2).

## II.   THE PARTIES

5. Plaintiff Kyle Nix worked for Defendants as an environmental cleaner for approximately one and a half years. He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA. Plaintiff Kyle Nix's FLSA consent is attached as Exhibit A.

6. Plaintiff Sarah Nix worked for Defendants as an environmental cleaner for approximately nine months. She regularly worked in excess of 40 hours per week without receiving all compensation that she was due under the FLSA. Plaintiff Sarah Nix's FLSA consent is attached as Exhibit B.

7. The FLSA class of similarly situated employees consists of all current and former environmental cleaners who were employed by Defendants during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

8. Defendant Eagle Environmental Solutions Corporation is a domestic for-profit corporation with a principal place of business at 794 Ventura St., Unit B, Aurora, Colorado 80011, which is engaged in commerce in the United States and is otherwise subject to the FLSA. Eagle

employed Plaintiffs and Members of the Class within the meaning of the FLSA. Eagle may be served with process by serving its Registered Agent, Roy White, at 794 Ventura St., Unit B, Aurora, Colorado 80011.

9. Defendant Roy White is the owner and a principal of Defendant Eagle and an individual residing in Colorado. White, upon information and belief, possessed control over Eagle's actual operations in a manner that directly relates to Plaintiffs' employment and that of those similarly situated. White directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so regularly transacted within this district. White may be served with process at 3805 S Killarney Ct, Aurora, Colorado 80013.

10. Defendant Chamba Services LLC is a domestic for-profit limited liability company registered in Colorado with a principal place of business in Denver, Colorado, that is engaged in commerce in the United States and is otherwise subject to the FLSA. Chamba employed Plaintiffs and Members of the Class within the meaning of the FLSA. Chamba Services LLC may be served with process by serving its registered agent, David Tinajero, at PO Box 100534, Denver, Colorado 80250.

### III.   BACKGROUND

11. The preceding paragraphs are incorporated by reference.

12. Defendants engage in industrial environmental cleaning and removal of harmful chemicals/materials for commercial businesses. Defendants offer services to their customers, including but not limited to, asbestos abatement, lead abatement, soil decontamination, haz-mat clean-up, mold remediation, and demolition services. The company claims to have over 30-years

of experience in providing innovative and cost-effective industrial solutions for clean-up, stating that "quality" is their "number one concern."

13.     Upon information and belief, Defendants employ other environmental cleaners similarly situated to Plaintiffs to perform cleaning and removal services. Plaintiffs and Members of the Class are/were non-exempt hourly workers for Defendants, who primarily performed manual labor to clean and remove harmful chemicals/materials. Upon information and belief, Plaintiffs and Members of the Class regularly worked in excess of 40 hour per week. Yet, Defendants did not pay their employees at 1.5 times their regular rate for all hours in excess of 40 each week. Instead, Defendants only paid their environmental cleaners straight-time pay (no overtime) for up to 40 hours per week, and for the hours worked in excess of 40, Defendants paid their employs with a separate check or "bonus." However, this separate check or "bonus" did not include overtime compensation at 1.5 times their regular rate. As a result, Defendants failed to properly compensate their employees under the FLSA.

14.     Until the last three months of Plaintiff Kyle Nix's employment with Defendants, he was paid hourly, in the manner described above. On or around June 6, 2018, after failing to properly pay overtime compensation for over a year, Defendants decided to switch Plaintiff Kyle Nix to a salary, even though his job duties remained the same.

## IV.     PLAINTIFFS' INDIVIDUAL ALLEGATIONS

### A.     *Defendants Failed to Properly Pay Regular and Overtime Compensation.*

15.     The preceding paragraphs are incorporated by reference.

16.     Plaintiffs worked for Defendants as environmental cleaners, performing manual labor to remove and clean harmful chemicals and hazardous materials. During their employment,

4

Plaintiffs frequently worked seven consecutive days during a workweek. In a workweek, Plaintiffs often worked approximately 55 hours or more.

17. Plaintiffs were full-time, non-exempt laborers and were paid on a weekly basis. During their employment, Defendants paid Plaintiffs a set hourly rate for all hours worked up to 40 hours per work week. For the hours worked in excess of 40 hours per week, Defendants paid Plaintiffs with a separate check or "bonus," which did not include overtime wages at 1.5 times their regular hourly rate.

18. After a year of failing to pay Plaintiff Kyle Nix overtime compensation, Defendants switched his hourly pay to salary in or around June 2018. At that time, Plaintiff Kyle Nix received a flat-rate salary, regardless of the number of hours he worked per workweek. However, Plaintiff Kyle Nix's job duties, manually cleaning and removing harmful chemicals and materials, remained the same.

19. The FLSA and applicable regulations require that non-exempt individuals like Plaintiffs and Members of the Class receive at least minimum wage for all hours suffered or permitted to work, as well as overtime compensation at a rate of 1.5 times their regularly hourly rate for all hours worked over 40 in a workweek. Defendants should have paid Plaintiffs for 40 hours of regular pay and at least 15 hours or more of overtime in a typical week, but Defendants failed to pay Plaintiffs that amount.

20. By failing to pay Plaintiffs as described above, Defendants have deprived Plaintiffs of a significant amount of regular and overtime compensation to which they are rightfully entitled.

**B.     *Defendants Willfully Violated the FLSA.***

21. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and

Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiffs. Defendants failed to follow these rules when paying Plaintiffs.

22. Defendants have or had a policy and/or practice of not paying their employees for all of the regular time and overtime they worked each week at the proper rate. Defendants should have paid their employees their regular rate for all hours worked, and they should have paid their employees overtime compensation at 1.5 time their regular rates for all hours worked in excess of 40 hours per week.

23. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiffs.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

24. The preceding paragraphs are incorporated by reference.

25. Plaintiffs are aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiffs, Members of the Class are employed by Defendants as environmental cleaners, who performed the same duties as Plaintiffs, as described above. As with Plaintiffs, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

26. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiffs.

27. Defendants' failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Defendants to pay their environmental cleaners for less than all the overtime hours that such workers are suffered or

6

permitted to work. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiffs.

28. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former environmental cleaners who were employed by Defendants during the three-year period preceding the filing of this complaint.**

29. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

30. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

31. The preceding paragraphs are incorporated by reference.

32. As set forth above, Defendants violated the FLSA with respect to Plaintiffs and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing properly compensate for overtime hours, as described above. 29 U.S.C. §§ 206, 207.

33. Plaintiffs and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207, 216 (b).

34. In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages. 29 U.S.C. § 216(b).

35. Moreover, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs. *Id*.

## VII.   JURY DEMAND

36.   Plaintiffs demand a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiffs request that this Court enter final judgment against Defendants Eagle Environmental Solutions Corporation, Roy White, and Chamba Services LLC for:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiffs and Members of the Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiffs and Members of the Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiffs and Members of the Class;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 12th day of March, 2019.

Respectfully submitted,

By: /s/ Robert W. Cowan
Robert W. Cowan
Texas Bar No. 24031976
BAILEY COWAN HECKAMAN PLLC
5555 San Felipe St., Suite 900
Houston, Texas 77056
713-425-7100
rcowan@bchlaw.com

*Attorney for Plaintiffs*

Plaintiffs' Name and Address:
Kyle and Sarah Nix (on behalf of themselves and others similarly situated)
5965 Christa Ct.
Colorado Springs, CO 80922